**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


**JOSE MARTINEZ,**
**A# 020-154-007,**

       **Petitioner,**

**vs.**                                   **Case No. 4:15cv479-RH/CAS**

**LORETTA LYNCH, et al.,**

       **Respondents.**

_____/


## ORDER and REPORT AND RECOMMENDATION

      Petitioner, proceeding pro se, initiated this case on October 6, 2015, by

submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No.

1.  Petitioner also submitted a motion seeking leave to proceed in forma pauperis.  ECF

No. 2.  Good cause having been shown, the motion is granted and the Clerk of Court

shall file the petition without requiring payment of the filing fee.

      Petitioner, a native and citizen of Cuba, alleges that he has resided in the United

States since his entry on December 2, 1973.  ECF No. 1 at 3.  Petitioner reports that he

was taken into immigration custody on August 25, 2015, and has been in custody[1] since that time. *Id.* Petitioner says that he was ordered removed from the United States on June 2, 1993. *Id.* Petitioner advises that his order of removal became final on that date because he did not appeal the order. *Id.* at 3. Petitioner contends that "ICE has been unable to remove the Petitioner to Cuba." *Id.* at 5. Petitioner seeks release from detention because there is no repatriation agreement between the United States and Cuba. *Id.* at 5. Petitioner also asserts that he should be released from detention pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) and Clark v. Martinez, 543 U.S. 371 (2005). *Id.* at 6-8.

**Analysis**

In Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. The Zadvydas Court also "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491 (explained in Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005)). A petition is prematurely filed if the petitioner has not been in detention "in excess of six months" under Zadvydas. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002); Guo Xing Song v. U.S. Atty. Gen., 516 F. App'x 894, 899 (11th Cir.

---

[1] Petitioner also noted that he had previously been in ICE custody between June 2, 2003, and September 4, 2003. ECF No. 1 at 4. After his 90-day review period, he was released. *Id.*

2013).  The Zadvydas period must have expired *before* the petition is filed.  Akinwale, 287 F.3d at 1051-52.

Liberally construed, Petitioner suggests in his petition that his removal period should include a 90-day period of detention which occurred previously, from June 2, 2003, until September 4, 2003.  ECF No. 1 at 4.  The order of removal was entered on the first day of that period of detention.  *Id.*  Petitioner contends that he entered ICE custody again on August 25, 2015.  *Id.*  This case was initiated on October 6, 2015, just 42 days later.  Even if it were permissible to calculate the prior three month detention period from 2003 into this detention period, Petitioner has still not been in detention for a full six month period of time.  "[I]t defies common sense to suggest that Zadvydas time can run while a petitioner is not in custody."  Cheng Ke Chen v. Holder, 783 F. Supp. 2d 1183, 1192 and n.6 (N.D. Ala. 2011) (questioning "whether, once released . . . an alien could ever be placed in custody again, even for a short period of time, prior to deportation.").  Therefore, because Petitioner has not been in detention in excess of six months, regardless of whether or not the period of time is continuous, Petitioner is not entitled to release under Zadvydas and this case should be dismissed as premature.

Accordingly, it is **ORDERED** that Petitioner's motion for in forma pauperis status, ECF No. 2, is **GRANTED** and the Clerk of Court shall file the petition without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241

petition filed by **JOSE MARTINEZ,** doc. 1, be **DISMISSED** because it was prematurely

filed as Petitioner has not been in detention for more than six months.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2015.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**